IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| **Insituform Technologies, Inc.,** a Delaware corporation, **and** **Insituform (Netherlands), B.V., Inc.** a corporation of the Netherlands and Delaware, <br>     **Plaintiffs,** <br><br> v. <br><br> **LMK Enterprises, Inc.,** an Illinois corporation, <br><br>     **Defendant.** | Case No. 07-397-DRH <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

Plaintiffs Insituform Technologies, Inc. and Insituform (Netherlands), B.V., Inc., for their Complaint against Defendant, LMK Enterprises, Inc., hereby state as follows:

### PARTIES

1. Insituform Technologies, Inc. ("Insituform") is a Delaware corporation with a principal place of business at 17988 Edison Avenue, Chesterfield, MO 63005.

2. Insituform (Netherlands), B.V., Inc. is a dual citizenship company registered in the Netherlands and Delaware with a principal place of business at Westbaak 6, 3rd Floor, 3012 KK Rotterdam, the Netherlands.

3. Upon information and belief, LMK Enterprises, Inc. ("LMK") is an Illinois corporation with its principal place of business at 1779 Chessie Lane, Ottawa, Illinois 61350.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (patents). Plaintiffs' claims arise under the patent laws of the United States of America, specifically 35 U.S.C. § 1 *et seq.*, alleging infringement of United States Patent Nos. 6,337,114 and 6,899,832.

5. The Court has personal jurisdiction over the Defendant LMK because LMK has conducted business in this district, sold products that infringe as alleged herein into this district, and further, has contributed to or induced third parties to infringe in this District.

6. Venue is proper under 28 U.S.C. 1391(b), 1391(c) and/or 1400(b) because a substantial part of the events giving rise to Insituform's claims occurred in the Southern District of Illinois, and because LMK is subject to personal jurisdiction in the Southern District of Illinois, as LMK "resides" in the Southern District for purposes of evaluating venue.

## FACTS COMMON TO ALL COUNTS

### Insituform's Business

7. Insituform has been a leader in the cured-in-place pipeline ("CIPP") business for over 30 years. In its simplest form, the CIPP process places a flexible liner soaked in resin into an existing pipeline. The resin is then cured to form a new, hard pipeline inside of the existing pipeline. Through this process, full structural integrity is restored to deteriorating underground pipes. The CIPP rehabilitation results in a seamless, jointless "pipe-within-a-pipe", creating a smooth, continuous inner surface therein.

8. As an innovator in the industry, Insituform owns numerous patents covering virtually all aspects of the CIPP process. Since its founding in 1971, Insituform has reconstructed more than 14,500 miles of underground pipe infrastructure throughout the world.

### Insituform's Patents

9. Insituform (Netherlands), B.V., Inc. is the owner of U.S. Patent No. 6,337,114 (the "'114 Patent") which relates to a liner of resin absorbent material for lining a lateral passageway. A copy of the '114 Patent is attached as Exhibit A. Insituform (Netherlands), B.V., Inc. has granted Insituform an exclusive license to the '114 Patent.

10. Insituform (Netherlands), B.V., Inc. is the owner of U.S. Patent No. 6,899,832 (the "'832 Patent") which relates to a method of lining a lateral pipe. A copy of the '832 Patent is attached as Exhibit B. Insituform (Netherlands), B.V., Inc. has granted Insituform an exclusive license to the '832 Patent.

### LMK's Infringing Activities

11. On information and belief, LMK owns and operates the website www.performanceliner.com (the "LMK Website").

12. On the LMK Website, LMK describes its various products and services related to CIPP.

13. One such product consists of a lateral pipe repair system using a resin-impregnated liner called the "T-Liner." Attached as Exhibit C is a printout of a page from the LMK Website describing this product as of May 8, 2007.

This webpage provides:

> The T-Liner is inserted through the mainline pipe and no excavation is necessary. Once positioned at the junction, the mainline portion is inflated and the lateral liner is inverted up the old lateral pipe. The result is a one-piece, structural seal for the sewer system junction.

*See* Exhibit C. On information and belief, LMK installs T-Liners and further, instructs its licensees how to install T-Liners.

### Notice to LMK

14. On November 8, 2006 Insituform offered to make a license available to its portfolio of patents including the '114 Patent and the '832 Patent. Attached as Exhibit D is a letter sent to LMK dated November 8, 2006. Thus, as of November 8, 2006, LMK was fully knowledgeable of the existence of the '114 and '832 patents.

15. LMK did not respond to Insituform's offer.

### COUNT I – INFRINGEMENT OF THE '114 PATENT

16. Plaintiffs incorporate the allegations of paragraphs 1 through 15 above as if fully incorporated herein.

17. The '114 Patent is unexpired, valid and enforceable.

18. LMK has had knowledge of the '114 Patent since at least as early as November 8, 2006, and on information and belief, had notice of the patent much earlier.

19. On information and belief, LMK has been infringing the '114 Patent by making, using, offering to sell, and/or selling lateral lining products and/or systems.

20. On information and belief, LMK has been contributing to the infringement of the '114 Patent. LMK does this by selling and/or offering for sale lateral lining products and/or systems to its licensees, who then install the systems. On information and belief, these products and systems have no substantial non-infringing purpose.

21. On information and belief, LMK has actively induced its licensees to infringe the '114 Patent by encouraging, aiding and abetting its licensees to use its infringing lateral lining products and/or systems, knowing the same to be an infringement of the '114 Patent.

22. LMK's conduct has damaged and will continue to damage Plaintiffs.

23. On information and belief, LMK's infringement is and has been in willful disregard of Plaintiffs' patent rights, making this case exceptional under 35 U.S.C. § 285.

24. Plaintiffs will suffer further damages and irreparable injury unless and until LMK is enjoined by this Court from continuing such infringement.

## COUNT II – INFRINGEMENT OF THE '832 PATENT

25. Plaintiffs incorporate the allegations of paragraphs 1 through 24 above as if fully incorporated herein.

26. The '832 Patent is unexpired, valid and enforceable.

27. LMK has had knowledge of the '832 Patent since at least as early as November 8, 2006, and on information and belief, had notice much earlier.

28. On information and belief, LMK has been infringing the '832 Patent by practicing the claims of the '832 Patent.

29. On information and belief, LMK has been contributing to the infringement of the '832 Patent. LMK does this by selling and/or offering for sale lateral lining products and/or systems to its licensees, which products and systems have no substantial non-infringing purpose, other than for use in practicing the claims of the '832 Patent.

30. On information and belief, LMK has actively induced others to infringe the claims of the '832 Patent by encouraging, aiding and abetting its licensees to use its infringing

lateral lining products and/or systems, knowing the same to be an infringement of the '832 Patent.

31. LMK's conduct has damaged and will continue to damage Plaintiffs.

32. On information and belief, LMK's infringement is and has been in willful disregard of Plaintiffs' patent rights, making this case exceptional under 35 U.S.C. § 285.

33. Plaintiffs will suffer further damages and irreparable injury unless and until LMK is enjoined by this Court from continuing such infringement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against LMK and request an Order granting the following relief:

**A. Injunctive and Equitable Relief**

1. Declare that LMK has infringed, contributed to the infringement of, and/or induced the infringement of the '114 Patent;

2. Declare that LMK has infringed, contributed to the infringement of, or induced the infringement of the '832 Patent;

3. Permanently enjoin and restrain LMK from further acts infringing the '114 Patent, including making, using, selling, offering for sale, contributing to the infringement of, and/or inducing the use of all products and/or systems found to infringe the '114 Patent;

4. Permanently enjoin and restrain LMK from further acts infringing the '832 Patent, including making, using, selling, offering for sale, inducing the use of, and/or contributing to the use of all products and/or systems found to infringe the '832 Patent;

5. Require LMK to send a copy of any judgment in this case in favor of Plaintiffs to each licensee, sublicensee, distributor, person or entity to whom LMK has sold, or has otherwise distributed products and/or systems found to infringe the '114 Patent or '832 Patent;

6. Order the impounding and destruction of all Defendant's products and/or systems that infringe the '114 Patent or the '832 Patent;

7. Order an accounting of Defendant's profits resulting from sales of its products and/or systems that infringe the '114 Patent or the '832 Patent;

**B. Damages and Other Legal Relief**

1. An award of patent infringement damages and pre-judgment interest pursuant to 35 U.S.C. § 284;

2. An Order trebling damages for willful patent infringement pursuant to 35 U.S.C. § 284;

3. A finding that this case is exceptional pursuant to 35 U.S.C. § 285, and an Order granting reasonable costs and attorneys' fees; and

4. Such other and further relief that the Court deems just and proper.

- 8 -

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a jury on all issues so triable.

Respectfully submitted,

By: /s/ Paul A. Maddock

Paul A. Maddock
Timothy D. Krieger
**THOMPSON COBURN LLP**
One US Bank Plaza
St. Louis, MO 63101
(314) 552-6000
(314) 552-7000 (fax)

*Attorneys for Plaintiffs
Insituform Technologies, Inc. &
Insituform (Netherlands), B.V., Inc.*